UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

M&G RESTORATION GROUP, INC. a/a/o
KENNETH AND SHEILA WHITEHEAD,

    Plaintiff,

v.                                    CASE NO.

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.

**NOTICE OF REMOVAL**

NOW INTO COURT through undersigned counsel comes Defendant, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY (hereinafter "Defendant" or "Allstate"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States"[3] and files this Notice of Removal hereby removing this matter from state court to the docket of this Honorable Court.  In support thereof, Allstate respectfully shows as follows:

I.

On or about May 28, 2019, Plaintiff M&G Restoration Group, Inc. a/a/o Kenneth and Sheila Whitehead, filed a lawsuit (hereinafter "Complaint") in the County Court of 11th Judicial

---

[1] *See,* 42 U.S.C. §4001 *et seq*.

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *Jacobson v. Metropolitan Prop. & Cas. Ins. Co*., 672 F.3d 171, 175 (2nd Cir. 2012).

District Circuit in and for Miami Dade County, Florida, entitled "*M&G Restoration Group, Inc. a/a/o Kenneth and Sheila Whitehead v. Allstate Property & Casualty Insurance Company*," bearing case number 2019-014885-CC-25. A true and correct copy of all pleadings served on Allstate in this proceeding is attached hereto as Composite Exhibit "A."

II.

For the reasons that follow, Allstate hereby removes this case from state court to the docket of this Honorable Court pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, and 28 U.S.C. §1367. As the Court is aware, removal is premised upon the face of a Plaintiff's Complaint. Therefore, Allstate will address the allegations set forth in Plaintiff's Complaint, which asserts a federal contract claim against Allstate.

      A.      **REVIEW OF PLAINTIFF'S COMPLAINT**

1. At paragraph 4 of Plaintiff's Complaint, M&G Restoration Group, Inc. (hereinafter "Plaintiff") alleges that it brings this action as an assignee of Kenneth and Sheila Whitehead (hereinafter "Insured") pursuant to an assignment and attach a copy of the assignment as Exhibit "A" to the Complaint.

2. Also at paragraph 4 of Plaintiff's Complaint, they allege that they bring this cause of action for breach of contract pursuant to the assignment of benefits from a policy of insurance provided by the Defendant.

3. At paragraph 5 of the Plaintiff's Complaint, the Plaintiff alleges that the Insured purchased an insurance policy[4] (hereinafter "Policy") from the Defendant for their property located at 14535 SW 104th Court, Miami, FL 33176 (hereinafter "Property").

---

[4] Policy number 0807443825 was a National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP") (not homeowner's) issued by Allstate in its capacity as a WYO Program carrier and was the only policy issued by Allstate relating to the Propety.

2

4. Also at paragraph 5 of the Plaintiff's Complaint, Plaintiff states that the insurance policy is believed to be identified by Policy No. 0807443825 and was issued by the Defendant to the Insured to provide coverage for many perils including damage caused by sudden and accidental water loss.

5. At paragraph 6 of the Plaintiff's Complaint, Plaintiff alleges that the Policy was in full force and effect for the date of loss of September 10, 2017.

6. At paragraph 7 of the Plaintiff's Complaint, Plaintiff alleges that on September 10, 2017, the Property sustained considerable damages by a sudden and accidental water loss, requiring removal of water and restoring the dwelling to a pre-loss condition.

7. At paragraphs 9 and 10 of the Plaintiff's Complaint, Plaintiff alleges that it agreed to provide necessary emergency services and in exchange for these restoration services, the Insured agreed to sign a document which allows the direct billing of the services to Defendant by the Plaintiff for services performed at the Property.

8. At paragraph 12 of the Plaintiff's Complaint, Plaintiff alleges that at it completed the services and prepared and submitted to Defendant an invoice for the work.

9. At paragraph 20 of the Plaintiff's Complaint, Plaintiff alleges that it remains fully prepared to comply with all of the obligations pursuant to the Policy.

10. At paragraph 13 of the Plaintiff's Complaint, Plaintiff alleges that they demanded payment of their invoice via claim number 002012418324 but Defendant denied coverage for the reported flood claim and refused to remit payment for the submitted invoice.

11. At paragraph 14 of the Plaintiff's Complaint, Plaintiff alleges that the unpaid balance of these invoices are the subject of this action by Plaintiff against Defendant for failure to

pay the full and reasonable value for the services provided for the benefits of the Insured and covered by the subject flood insurance Policy issued by Defendant.

12. In Plaintiff's Wherefore paragraph, Plaintiff demands the Court award reasonable attorney's fees pursuant to Fla. Stat. § 627.428 and costs.

13. At paragraph 24 of the Plaintiff's Complaint, Plaintiff demands a jury trial.

### B. THE NATURE OF THE INSURANCE POLICY AT ISSUE

14. Policy No. 0807443825 is a National Flood Insurance Policy ("NFIP") Standard Flood Insurance Policy ("SFIP") written by the U.S. Government (not Defendant) pursuant to 42 U.S.C. § 4013, and is codified federal law which may found in its entirety at 44 C.F.R. Pt. 61, App. A(1).

### C. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

15. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. *Jacobson v. Metropolitan Prop. & Cas. Ins. Co*., 672 F.3d 171, 174 (2nd Cir. 2012); 44 C.F.R. Pt. 62, App. A, Art. III(D)(1), (2) and (3); 44 C.F.R. § 62.23(i)(6); *see also*, 44 C.F.R. Pt. 62, App. A, Art. II(F). Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA"). *Id*.; s*ee,* 42 U.S.C. § 4013(a).

16. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See,* 42 U.S.C. § 4013(a). Decades ago, FEMA exercised its authority under §4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP") and is codified at 44 C.F.R. Pt. 61, App. A(1).

17. Pursuant to Congressional authorization found at 42 U.S.C. §4071(a)(1), FEMA uses "Write-Your-Own" companies like Allstate to aid it in its statutory duty to administer the National Flood Insurance Program. *See also*, 42 U.S.C. §4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. §62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

18. Allstate, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), on behalf of the federal government pursuant to the "Arrangement"[5] between itself and FEMA.

19. Allstate cannot waive, alter or amend any of the provisions of the SFIP. *See,* 44 C.F.R. § 61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

20. The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own Program carriers participating in the National Flood Insurance Program are all governed by federal law, not state law. *See*, *West v. Harris,* 573 F.2d 873 (5th, Cir. 1978), *cert. denied* 440 U.S. 946, 99 S.Ct. 1424) (1979), wherein the stated the following:

> "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

573 F.2d at 881.

21. Based upon the foregoing, it is clear that the NFIP, the SFIP and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.

---

[5] The Arrangement can be found at https://www.fema.gov/media-library/assets/documents/17972.

**FEDERAL JURISDICTION**

    **(1)    42 U.S.C. § 4072 – Original Exclusive Jurisdiction**

22.    42 U.S.C. § 4072 conveys original exclusive jurisdiction over claims involving administration of and claims handling matters under the SFIP. This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer.

    **(2)    28 U.S.C. § 1331 - Federal Question Jurisdiction**

23.    Allstate asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331. *See, Construction Funding, L.L.C. v. Fidelity Nat. Indem. Ins. Co.*, 636 Fed.Appx. 207, 209 (5th Cir. 2016); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

24.    The interpretation of the SFIP and FEMA regulations to determine whether Allstate breached the terms of the SFIP and the standard of care imposed by FEMA for the administering of Plaintiff's flood policy as well as the handling of Plaintiff's SFIP flood claim would require the interpretation of the NFIA and the federal regulations imposed by FEMA, *i.e.*, a federal question. Thus, *any* address of the WYO Program carrier's interpretation of NFIP rules, regulations and statutes regarding the handing and administration of an SFIP give rise to federal question.

Therefore, there is federal question jurisdiction under 28 U.S.C. § 1331, and the case is also removable pursuant to 28 U.S.C. § 1441(a) and (c).

25.     Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. § 1441(a) and (c), Allstate asserts that there are multiple federal questions presented within Plaintiff's Complaint thereby making the action removable pursuant to 28 U.S.C. § 1331.

### (3)     Federal Jurisdiction Under 28 U.S.C. §1337

26.     Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. 28 U.S.C. § 1337 is not subject to the well-pleaded-Petition rule. Under the NFIA, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program. *See, C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 FN3 (3rd Cir. 2004). Under §1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

### D.     THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS.

27.     To the extent that any of the claims of Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution." 28 U.S.C. § 1367.  *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

28.     All of the claims put at issue in Plaintiff's Complaint arise from the "flood" damage that the Property allegedly sustained on or about September 10, 2017, and from their efforts to obtain flood insurance benefits as a result of that loss. As such, all of Plaintiff's legal claims arise from the same nucleus of operative facts, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See e.g., Winkler v. State Farm Fire*, 266 F. Supp. 2d 509, 513-14 (S.D. Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tx.  2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F. Supp. 2d at 514.

### E.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

29.     Allstate's first knowledge or notice of the suit was on June 17, 2019, when it was served a copy of Plaintiff's Complaint. *See* Exhibit A. This Notice of Removal was filed on July 8, 2019.  Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

30.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court. *See* Exhibit A. Venue is also proper pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

31.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on Allstate to date.

## CONCLUSION

WHEREFORE Defendant, Allstate Property & Casualty Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated July 8, 2019.

>Respectfully submitted,
>
>/s/ J. Michael Pennekamp
>J. Michael Pennekamp
>Fla. Bar No. 983454
>Email: jmp@fowler-white.com
>
>FOWLER WHITE BURNETT, P.A.
>Brickell Arch, Fourteenth Floor
>1395 Brickell Avenue
>Miami, Florida 33131
>Telephone:   (305) 789-9200
>Facsimile:   (305) 789-9201
>
>*Counsel for Allstate Property & Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/ J. Michael Pennekamp
                                                J. Michael Pennekamp

## SERVICE LIST

CASE NO.

Francisco Cieza, P.A.
Francisco Pieza, Esq.
2525 Ponce De Leon Blvd., Suite 300
Miami, Florida 33134
E-Mail: info@ciezalaw.com;
Telephone: (305) 200-8748
Facsimile: (305) 397-2379
Attorney for M&G Restoration Group, Inc.